P. Raymond Sirignano, J.
Petitioner moves pursuant to subdivision .(b) of CPLR 7503 to stay the arbitration proceedings demanded by respondent, upon the grounds that (1) no valid agreement has been made which provides for the arbitration of respondent’s claim (2) the claim asserted does not constitute a bona fide grievance arbitrable under the terms of the collective bargaining agreement alleged in the petition (3) the arbitrator does not have jurisdiction to grant the relief sought (4) the performance which is the subject for the demand is prohibited and (5) the matters sought to be arbitrated represent major public policy which has been vested by the Legislature in the exclusive jurisdiction of the Public Employment Relations Board of the State of New York (“ PERB ”) pursuant to section 200 et seq. of the Civil Service Law.
In support of the application the petitioner claims that in December, 1969 the respondent filed a petition with PERB for certification as the negotiating representative for the negotiating unit described in paragraph 6 of the petition. Paragraph 6 describes and lists those job titles which were to be included and which were to be excluded from the bargaining unit. Petitioner alleges that the job entitled “deans ” was not included in the description of those which were to be a part of the negotiating unit, and the job title of “department chairman” was expressly excluded.
Thereafter a consent agreement was entered into and the respondent was designated as negotiating agent.
In January, 1970 PERB issued an order certifying that the respondent federation was to be the exclusive negotiating representative for the employees whose job titles are described in paragraph 6 of the petition. An agreement was negotiated for the years 1970-1972, and a successor agreement was negotiated covering the school year 1972-1973.
The petitioner alleges that the “ department chairmen ” and “ deans ” are and have been duly represented by a separate employee organization which has acted as their negotiating unit. Also represented by this same unit, Association of Lakeland *432 Administrators and Chairmen (“ ALAC ”) were the principals, assistant principals, house masters, dean of1 men, dean of women, and chairmen who are employed by the school district, and they have negotiated an agreement for the 1973-1974 school year.
In November, 1972 the respondent federation filed a grievance with the Superintendent of Schools, claiming that the English department chairman and dean should he accreted to the unit represented by respondent. The grievance was denied by the Superintendent of Schools and by the board which is the petitioner herein.
It is the petitioner’s contention that the matters sought to he arbitrated involve a challenge by respondent to the bargaining unit approved by PERB following an election, and an attempt to interfere with another bargaining unit which is represented by a separate employee organization, and that an arbitrator has no power or authority in this matter and therefore arbitration should be stayed.
Respondent in opposing the application has denied several of the allegations of the petition and as an affirmative defense it contends that it entered into a collective bargaining agreement with the petitioner, which agreement provides in section 7 of article XXVII thereof that “ if the Federation is not satisfied with the disposition of the grievance * * * it may submit
the grievance to arbitration by written notice ’ ’. It contends that pursuant to the terms of the agreement, a grievance was filed which alleges that, although certain persons employed by petitioner were given'a job title which excluded them from the bargaining unit which respondent represents, such individuals are doing the same work as those who have titles that fall within the group, to wit, assistant chairmen. That the grievance interposed by the respondent alleges a violation of the recognition clause in article I of the agreement, and that the arguments interposed in this proceeding by petitioner can be interposed before the arbitrator.
Petitioner’s reply denies the truth of the answer and as an affirmative defense it contends that by virtue of having filed an improper practice charge with PERB, which charge covers the same subject matter as contained in the demand for arbitration and which seeks the same relief, i.e., to add “ deans ” and “ department chairmen” to the negotiating unit represented by respondents, the respondent has elected its remedy and it has waived and abandoned its demand for arbitration.
The question presented to this court is thus whether the existing controversy should be submitted to arbitration. The collec *433 tive bargaining agreement in its applicable parts provides as fbllows:
‘6 ARTICLE I.
‘ ‘ A. The Board hereby recognizes the Federation as the exclusive and sole bargaining representative for all non-supervisory professional day-school personnel (full-time, part-time and part-year) who are paid according to the teacher’s pay schedule, including classroom teachers, special teachers, summer school teachers, librarians, psychologists, guidance counselors, attendance officers, social workers, school nurse-teachers, and assistant department chairmen and grade level coordinators who are engaged primarily in teaching, resource teachers in non-supervisory assignments, permanent substitutes who have been appointed to regular positions for the following school year, and home study teachers and tutors employed full or part-time on a regular basis, but excluding the superintendents, directors, principals and assistant principals, house-masters, department chairmen, school board attorneys, and school physicians. The term ‘ teacher ’, when used hereinafter in this Agreement, shall refer to all employees represented by the Federation in the bargaining or negotiating unit as above defined, and references to male teachers shall include female teachers.
“ article XXVII.
“ Section I
“A ‘grievance’ is a complaint by any teacher or group of teachers in the bargaining unit concerning an alleged misinterpretation or misapplication of an express provision of this Agreement.
“ Section 7a
“ (a) If the Federation is not satisfied with the disposition of the grievance at Step 3, the Federation may submit the grievance to arbitration by written notice to the Board of Education within ten (10) school days after the decision at Step 3.”
There is no question that the parties agreed when they entered into a collective bargaining agreement that all disputes shall be determined by binding arbitration. The question herein is, however, whether in the instant case the dispute is arbitrable.
PERB, in approving the designation of respondent as bargaining agent for all the teachers and other job classifications specifically named in the agreement, limited the authority of the respondent so as to require that it represent only those named *434 in its certification and in the recognition clause of the agreement. I The demand for arbitration prepared by the respondent seeks to accrete persons employed as “deans” and “ department chairmen” to the group represented by respondent, so that it may act as their bargaining agent, upon the ground that they perform the same work as do the teachers and others represented by it. Both groups, however, are excluded in the recognition clause of the agreement entered into between petitioner and respondent, and in fact they are both represented by a unit known as ABAC, which unit has been recognized by petitioner as the bargaining unit for the supervisory employees of petitioner who are not represented by respondent.
It has been conceded that the petitioner and respondent have entered into a collective bargaining agreement, which agreement calls for binding arbitration of all disputes. The question presented in the instant case is whether the issue of accretion of persons to the group should be determined by an arbitrator or by the court.
Our courts have held that unless the contract clearly covers the point in issue it is the general rule that the question of arbitrability is for the arbitrator rather than for the courts (Matter of Exercycle Corp., 9 N Y 2d 329; Matter of Long Is. Lbr. Co. [Martin], 15 N Y 2d 380). In the,instant case, however, it appears that the respondent is not seeking a determination of a dispute which arose out of the terms of the agreement; rather, it is seeking to have the group it represents enlarged or expanded by adding to it those persons employed by petitioner as “ deans ” and “ department chairmen ”.
The respondent is actually seeking to change the employee unit designation originally authorized by PERB via arbitration.
The court notes parenthetically that the respondent has also filed an improper practice charge against the petitioner with PERB wherein it makes the same claim against the petitioner and wherein it is seeking the same relief, to wit: to enlarge its group to include “ deans ”, “ department chairmen ” and “ head teachers ”.
PERB is an agency of the State of New York which was established by chapter 392 of the Laws of 1967 which has the exclusive jurisdiction to assist in resolving disputes between public employers and employee organizations (Civil Service Law, §§ 200, 205, 207).
Section 205 of the Civil Service Law in its applicable part provides: “5. In addition to the powers and functions provided in other sections of this article, the board [Public-Employment *435 Relations Board] shall have the following powers and functions: (a) to establish procedures consistent with the provisions of section two hundred seven of this article * * * to resolve disputes concerning the representation status of employee organizations.”
Section 207 provides in its applicable part: “ For purposes of resolving disputes concerning representation status, pursuant to section two hundred five * * * of this article, the board * * * shall 1. define the appropriate employer-employee negotiating unit ”.
Section 200 of the Civil Service Law provides: “ The legislature of the state of New York declares that it is the public policy of the state and the purpose of this act to promote harmonious and cooperative relationships between government and its employees * * * These policies are best effectuated by * * * (d) creating a public employment relations board to assist in resolving disputes between public employees and public employers ”.
In the Matter of Aimcee Wholesale Corp. (21 NY 2d 621, 629-630), the Court of Appeals stated: “ We have often held that the broadest of arbitration agreements cannot oust our courts from their role in the enforcement of major State policies, especially those embodied in statutory form ”.
It is thus patently clear that a dispute involving representation must be determined by PERB and not by an arbitrator, absent a direction to the contrary in the agreement itself.
The court also notes that section 7 (d) of article XXVTI of the agreement entered into between petitioner and respondent limits the power of the arbitrator as follows: “ (d) The arbitrator shall limit his decision strictly to the interpretation or application of the express provision of this agreement submitted to him and he shall be without power or authority to make any decision; (1) contrary to, or inconsistent with, or modifying or varying in any way, the terms of this agreement, or of applicable law, or rules or regulations having the force and effect of law ”.
A reading of the above-stated limitation upon the power of the arbitrator indicates that he could not direct that persons be added or accreted to the employee unit represented by respondent, without violating or varying the terms of the agreement, and therefore the arbitrator lacks the jurisdiction to grant the relief sought by the respondent.
Accordingly, the court concludes that, inasmuch as it appears that there is no valid agreement herein which specifically provides for arbitration of the respondent’s claim and since it also *436 appears that the arbitrator lacks the jurisdiction to grant the relief sought and that the matter sought to be arbitrated represents major public policy and thus is within the exclusive jurisdiction of PERB, the court will grant the motion and stay the arbitration proceedings instituted herein.
In view of the determination above, the court does not deem it necessary in the instant case to determine whether the respondent waived or abandoned its right to arbitration by virtue of its having filed an improper practice charge with PERB under the provisions of the Civil Service Law, or to consider any of the other points raised hy petitioners.